935 F.2d 280
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
LTC. Oliver Donovan ULMET, Plaintiff-Appellee,
v.
The UNITED STATES, Defendant-Appellant.
 Nos. 90-5084.
 United States Court of Appeals, Federal Circuit.
 May 17, 1991.
 
 Before PAULINE NEWMAN, ARCHER and PLAGER, Circuit Judges.
 DECISION
 PLAGER, Circuit Judge.
 
 
 1
 The United States (Government), defendant, appeals the decision in Ulmet v. United States, 17 Cl.Ct. 679 (1989) (Ulmet II ), on remand from Ulmet v. United States, 10 Cl.Ct. 522 (1986) (Ulmet I ). In Ulmet II, the United States Claims Court denied the Government's Motion to Dismiss and granted in part plaintiff Ulmet's Motion to Return to Active Duty and to Compel the Defendant to Calculate and Pay Damages. The Government's motion was filed and decided after Congress, in 1987, amended 10 U.S.C. Sec. 1163(d) (1982), the statute under which Ulmet claims he is entitled to relief. The case was subsequently heard by a panel of this court on appeal by the Government. Following oral argument, but before the case was decided, this court filed its in banc decision in Wilson v. United States, 917 F.2d 529 (Fed.Cir.1990), in which Ulmet I was overruled on the question of a reservist's eligibility for sanctuary under controlling law. The panel then requested the parties to file supplemental briefing on the question of the impact of Wilson on LTC Ulmet's entitlement to relief under our original mandate in Ulmet I. We affirm the trial court's denial of the Government's motion for reconsideration on the basis of the 1987 change in the statute, we conclude that LTC Ulmet's entitlement is unaffected by the subsequent decision in Wilson, and in all other respects we affirm the judgment of the trial court.
 
 OPINION
 
 2
 The main conclusion by this court in Ulmet I was that, in order to invoke sanctuary under 10 U.S.C. Sec. 1163(d), a United States Army Reserve officer could tack time served on active duty for training (ADT) to his prior active duty (AD) service in calculating the total time of active duty served. Shortly thereafter, Congress amended section 1163(d) to explicitly exclude ADT from its coverage--only AD would fulfill the prerequisite for section 1163(d) sanctuary.
 
 
 3
 This court's in banc decision in Wilson, overruling Ulmet I, was that Ulmet I was decided incorrectly, and that section 1163(d) should not have been read to cover ADT even before the amendment. Prior to the decision in Wilson, but subsequent to the amendment, the United States and Ulmet filed the motions at issue here.
 
 
 4
 On the issues now before us, the Claims Court held in relevant part that the Mandate Rule and the law of the case doctrine bar the United States from relitigating the issue of Ulmet's entitlement to the relief requested, especially in light of the lack of express Congressional intent to retroactively apply the amendment in the instant case. However, our subsequent decision in Wilson changed the landscape to be considered in deciding this issue. We have benefitted from supplemental briefing provided by the parties on the question of the impact of Wilson on LTC Ulmet's entitlement to relief.
 
 
 5
 LTC Ulmet's entitlement to relief was determined by this court in Ulmet I, decided in June 1987. The Government's petition for rehearing and its suggestion for rehearing in banc were both denied by this court. The case was returned to the trial court for determination of the amount of award for which Ulmet had won entitlement. The subsequent proceedings were initiated by Ulmet in September 1987. For a variety of reasons, none of which appear to be the fault of Ulmet, the proceedings dragged on until February 1990, nearly two and a half years later. The trial court then rendered the decision here under appeal, and the events described above transpired.
 
 
 6
 In a real sense, the case of LTC Ulmet is sui generis. In their several briefs the parties have argued issues of retroactivity of the statute, law of the case and the mandate rule, res judicata, and ultimately justice and fairness. The court has considered all of the arguments, the course of the proceedings below, and in particular the thoughtful and carefully constructed opinion by the trial judge on the issues then before her. We agree with her ruling on the retroactivity issue. Cf. Sargisson v. United States, 913 F.2d 918, 922-23 (Fed.Cir.1990). We find no error in her rulings on the remedy to be given to LTC Ulmet. Finally, we hold that the decision in Wilson should not, under the circumstances, take back what LTC Ulmet had seemingly already won several years earlier. Whether viewed as a matter of res judicata, cf. Federated Dep't Stores v. Moitie, 452 U.S. 394, 401 (1981), or law of the case, see generally 1B J. Moore, J. Lucas & T. Currier, Moore's Federal Practice p 0.404[4.-6] (2d ed. 1988 & Supp.1989-90), or something more basic resting on finality of the judicial process, it is within this court's discretion not to disturb our original mandate in Ulmet I. The law does not so require, and justice and fairness dictate otherwise. See Deut. 16:20.